No. 838.

ARTHUR SIMON *v.* CHARLES H. WALKER and Sheriff.

There are not sufficient causes to dismiss the appeal on the grounds: That the certificate of the clerk is too comprehensive; that the appellant proceeded by rule to set aside the order dissolving the injunction before petition and order of appeal; and that the suit is still pending on the merits in the district court.

Even if the certificate of the clerk could be regarded as defective, because it embraced more than is necessary, that is no cause for the dismissal of an appeal.

It is manifest that the injunction in this case should not have been set aside on bond, as the plaintiff in injunction had alleged and sworn that the sale would work him an irreparable injury. The order setting aside the injunction must be annulled.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train*, J. *Tucker & Dumartrait*, for plaintiff and appellant. *D. Caffery*, for defendant and appellee.

LUDELING, C. J. This is an appeal from an interlocutory order setting aside an injunction on defendant's giving bond. A motion to dismiss the appeal has been made on the grounds that the certificate of the clerk is too comprehensive; "that the appellant proceeded by rule to set aside the order dissolving the injunction before petition and order of appeal," and that the suit is still pending on the merits in the district court. These are not causes for dismissing an appeal.

Even if the certificate of the clerk could be regarded as defective,

because it embraced more than is necessary, that is no cause for the dismissal of an appeal.

On the merits of this appeal, it appears that the plaintiff obtained an injunction to prevent the sale of one hundred and sixty acres, etc., worth $2000, claimed as a homestead. He alleged and swore that the sale thereof would work him an irreparable injury. This injunction was set aside by the plaintiff in execution, he giving bond, and the plaintiff in injunction took a devolutive appeal after the sale.

It is manifest that the injunction should not have been set aside on bond, as the plaintiff in injunction had alleged and sworn that the sale would work him an irreparable injury. C. P. 307. But the order was granted and the sale was made. It is impossible for us to reinstate the injunction to prevent an accomplished fact. If on the trial of the merits of the injunction suit it should be ascertained that the plaintiff in injunction had a homestead right on the lands and personal property described in his petition, it will be competent for the court to grant him adequate remedy. At present this court can afford him no practical relief.

It is therefore decreed that the order setting aside the injunction be annulled with costs.